**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NUMBER: 2:13CR66-001** |
| **Plaintiff,** | **USM Number: 12810-027** |
| **vs.** | |
| **VAHAN KELERCHIAN** | **KERRY C CONNOR** |
| **Defendant.** | **P. JEFFREY SCHLESINGER** |
| | **DEFENDANT'S ATTORNEYS** |

**JUDGMENT IN A CRIMINAL CASE**

**THE DEFENDANT** was found guilty by Jury on counts 1, 2, 3, 4, 5, 6, 7, and 9 of the Indictment on October 15, 2015.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offenses:

| Title, Section & Nature of Offense | Date Offense Ended | Count Number(s) |
|---|---|---|
| 18: 371 CONSPIRACY TO PROVIDE FALSE INFORMATION TO A FEDERAL FIREARMS LICENSEE | January 2010 | 1 |
| 18:371 CONSPIRACY TO DEFRAUD FOOD AND DRUG ADMINISTRATION | September 2010 | 2 |
| 18:371 CONSPIRACY TO MAKE FALSE STATEMENTS - DEMONSTRATION LETTERS | March 28, 2010 | 3 |
| 18:1001 MAKING FALSE STATEMENTS TO A FEDERAL AGENCY | March 28, 2010 | 4-7 |
| 18:1956(h) CONSPIRACY TO LAUNDER MONETARY INSTRUMENTS AND FORFEITURE | January 2010 | 9 |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.
The defendant has been found not guilty on count 8.

**IT IS ORDERED** that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in economic circumstances.

February 5, 2018
———————————————————————
Date of Imposition of Judgment

s/ Joseph S. Van Bokkelen
———————————————————————
Signature of Judge

Case Number: 2:13CR66-001
Defendant: VAHAN KELERCHIAN

Joseph S. Van Bokkelen, United States District Judge
_____
Name and Title of Judge

February 7, 2018
_____
Date

Case Number: 2:13CR66-001
Defendant: VAHAN KELERCHIAN

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **100 months.**

*       60-month term as to each of the following counts: Count 1, Count 3, Count 4, Count 5, Count 6, and Count 7. Each 60-month term for this group of counts is to be served concurrently with the other counts in this group.

*       A 60-month term as to Count 2: 40 of those months are to be served consecutively as to Count 1 and Counts 2–7, and 20 of those months are to be served concurrently with Count 1 and Counts 2–7.

*       A 40-month sentence as to Count 9, to be served consecutively as to Count 1 and Counts 2–7, but concurrently with Count 2.

The Court makes the following recommendations to the Bureau of Prisons:

That the defendant be designated to serve his sentence at Fort Dix, NJ.

That the defendant be given credit for time served while awaiting sentencing.

The defendant is placed into the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

Defendant delivered _____ to _____ at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
DEPUTY UNITED STATES MARSHAL

## SUPERVISED RELEASE

After Mr. Kelerchian's incarceration is over, Mr. Kelerchian will be placed on supervised release for a period of **1 year**. His supervised release will have conditions of supervision as stated below, except that conditions 19, 20, 21 and 22 will cease to be in effect once all of Mr. Kelerchian's financial obligations as related to this case are fulfilled.

1. Mr. Kelerchian may not commit another federal, state, or local crime.

2. Mr. Kelerchian may not unlawfully use, possess, or distribute a controlled substance.

3. There's no evidence that Mr. Kelerchian is in danger of drug abuse. Accordingly, the mandatory drug testing condition is suspended.

4. Mr. Kelerchian must cooperate in the collection of his DNA sample as directed by the probation officer if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000.

5. Within 72 hours of release from the custody of the Bureau of Prisons, Mr. Kelerchian must report between the hours of 8:00 a.m. and 4:30 p.m. to the probation office in the district to which he is released.

6. Mr. Kelerchian may not knowingly be outside the judicial district between the hours of 10:00 p.m. and 6:00 a.m. without the Court's or probation officer's permission. In any case, Mr. Kelerchian may not knowingly travel more than 50 miles outside the judicial district without the Court's or probation officer's permission. The probation office will provide Mr. Kelerchian a map describing the boundaries of the judicial district at the start of supervision. After 12 months of Mr. Kelerchian being placed on supervision, the probation office must submit a report to the Court indicating whether the travel restrictions should be lifted or modified.

7. Mr. Kelerchian must report to the probation officer in the manner and frequency as reasonably directed by the probation officer. However, he may be required to report in person at the probation office only between 8:00 a.m. and 4:30 p.m. on the days the probation office is open for business.

8. In all matters relating to his conditions of supervision, Mr. Kelerchian must truthfully answer the probation officer's questions. This condition does not prevent Mr. Kelerchian from invoking his Fifth Amendment privilege against self-incrimination.

9. Mr. Kelerchian must follow the instructions of the probation officer as they relate to the conditions of supervision. Mr. Kelerchian may petition the Court for relief or clarification regarding a condition he believes has become unreasonable.

10. Mr. Kelerchian must live at a location approved by the probation officer.
11. If Mr. Kelerchian plans to change where he lives or anything about his living

Case Number: 2:13CR66-001
Defendant: VAHAN KELERCHIAN                                                    Page 5 of 8

arrangements (for example, the people he lives with), he must inform the probation officer at least 14 days before the change. If informing the probation officer in advance is not possible due to unexpected circumstances, Mr. Kelerchian must inform the probation officer as soon as possible, and no later than 72 hours after the change.

12. If Mr. Kelerchian plans to change where he works or anything about his work (for example, his position or his job responsibilities), Mr. Kelerchian must inform the probation officer at least 14 days before the change. If informing the probation officer in advance is not possible due to unexpected circumstances, Mr. Kelerchian must inform the probation officer within 72 hours after the change.

13. Mr. Kelerchian must notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.

14. Mr. Kelerchian may not own or possess a firearm, ammunition, destructive device, or any other dangerous weapon. A dangerous weapon is an instrument that is specially designed as a weapon.

15. Mr. Kelerchian may not knowingly meet, communicate, or otherwise interact with a person whom he knows to be engaged, or planning to be engaged, in criminal activity.

16. Between the hours of 8:00 a.m. and 9:00 p.m., Mr. Kelerchian must permit a probation officer to visit him at home or any other reasonable location and must permit confiscation of any contraband observed in plain view by the probation officer. A visit between the hours of 9:00 p.m. and 8:00 a.m. may be conducted only when the probation officer has a reasonable belief that Mr. Kelerchian has violated a condition of supervision and that a visit during those hours would reveal information or contraband that would not be revealed by a visit at any other time.

17. If any portion of the special assessment remains unpaid when Mr. Kelerchian is released from prison, he must pay it within 12 weeks of his release, or, if financially unable to fulfill this requirement, he must arrange a payment schedule with the probation office.

18. If a fine is imposed, and if any portion of the fine remains unpaid when Mr. Kelerchian is released from prison, he must pay the fine in monthly installments of $1,000 until it is paid in full.

19. Mr. Kelerchian may not incur new credit charges or open additional lines of credit without the approval of the probation officer.

20. Upon the probation officer's request, Mr. Kelerchian must provide the officer with any financial information regarding Mr. Kelerchian's ability to pay a fine, and must authorize the release of any financial information. The request must be in writing and prompted by Mr. Kelerchian's failure to comply with a payment schedule ordered for a period of 60 consecutive days, and the request must describe the specific financial information needed for determining Mr. Kelerchian's current ability to pay. The probation office will share Mr. Kelerchian's financial information with the U.S. Attorney's Office.

Case Number: 2:13CR66-001
Defendant: VAHAN KELERCHIAN

21. Mr. Kelerchian must notify the probation officer within 72 hours of any material change in his economic circumstances that might affect his ability to pay any Court-ordered financial obligation.

22. Mr. Kelerchian may not transfer, give away, sell, or otherwise convey any asset $500 without the approval of the probation officer.

Case Number: 2:13CR66-001
Defendant: VAHAN KELERCHIAN

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $800 | $100,000 | NONE |

The defendant shall make the special assessment payment payable to Clerk, U.S. District Court, 5400 Federal Plaza, Suite 2300, Hammond, IN 46320. The special assessment payment shall be due immediately.

## FINE

A fine in the amount of $100,000 is imposed.

## RESTITUTION

No restitution imposed.

Payments shall be applied in the following order:  (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

## FORFEITURE

The defendant shall forfeit **$28,200.00 in United States Currency.**

Name: <u>VAHAN KELERCHIAN</u>
Docket No.:<u>2:13CR66-001</u>

## ACKNOWLEDGMENT OF SUPERVISION CONDITIONS

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

I have reviewed the Judgment and Commitment Order in my case and the supervision conditions therein.  These conditions have been read to me.  I fully understand the conditions and have been provided a copy of them.

(Signed)

_____          _____
Defendant                                              Date


_____          _____
U.S. Probation Officer/Designated Witness            Date